UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division


EXHIBIT B

| | | |
|---|---|---|
| In Re: | ) | Case Number: 25-03310 |
| Markus Corp, | ) | |
| | ) | Chapter: 11 |
| | ) | Honorable Timothy A. BarnesE |
| | ) | |
| Debtor(s) | ) | |

## EIGHTH INTERIM ORDER APPROVING USE OF CASH COLLATERAL

This matter coming on to be heard on the Motion of Markus Corp, Debtor and Debtor-in-Possession (the "Debtor"), requesting the entry of an interim order authorizing the Debtor's use of the cash collateral of Village Bank & Trust, N.A., and the United States Small Business Administration, and other additional lien holders through the close of business on September 30, 2025, in accordance with the terms of this order (the "Interim Order") and the Budget (as hereinafter defined); due and proper notice having been given pursuant to the requirements of Section 363(c)(2) of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure; the court having examined the foregoing Motion; and the Court being fully advised in the premises, and having conducted a hearing on the need for use of cash collateral (the "Cash Collateral"):

THE DEBTOR STIPULATES OR ALLEGES AS FOLLOWS:

1. This case was commenced on March 4, 2025, when the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor has continued to manage its business and assets and to administer the affairs of its estate as debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

2. The United States Small Business Administration ("Lender") has a valid blanket lien upon the assets of the Debtor as of the date of the filing of the petition including the cash proceeds. Lender holds a security interest in all the assets of the Debtor by way of a valid lien duly filed of which the amount due and owing totals no less than $426,224.08 on loan number 1740379101.

3. Village Bank & Trust, N.A. ("Lender") has a valid blanket lien upon the assets of the Debtor as of the date of the filing of the petition including the cash proceeds. Lender holds a security interest in all the assets of the Debtor by way of a valid lien duly filed of which the amount due and owing totals no less than $264,476.06.

4. The Debtor is unable to obtain, on an immediate basis, credit allowable under 11 U.S.C. §503(b) and/or §364(a).

5. The Lenders are unwilling to permit the use of any of its Pre-Petition Collateral, including its cash collateral, without the protection afforded by U.S.C. §364(c)(l),(c)(2) and (c)(3), and Debtor is unable to acquire credit on any terms which are more favorable.

6. The Debtor has provided such notice to creditors and other parties as was practicable under the circumstances.

Case 25-03310　Doc 59-2　Filed 10/06/25　Entered 10/06/25 14:27:15　Desc Ex. B: Proposed Order Blacklined Version　Page 2 of 3

Form G5 (20200113_bko)

7. The actual notice issued regarding the subject motion was appropriate for the circumstances of this case in that a reasonable opportunity for a hearing has been afforded all parties.

8. Cause has been shown for the entry of this Order. Among other things, entry of this Order will minimize disruption of the Debtor as a "going concern", will increase the possibilities for a successful reorganization, and is in the best interest of the Debtor, its creditors and its estate.

Based upon the foregoing: IT IS HEREBY ORDERED AS FOLLOWS:

A. The Motion is granted on the terms and conditions set forth in this Interim Order. This Interim Order will become effective and binding upon all parties in interest immediately upon its entry. Debtor is hereby authorized to use the Cash Collateral through October 31 ~~September 30~~, 2025 solely in accordance with the Budget (as hereinafter defined) and the other terms and conditions set forth in this Interim Order, unless otherwise authorized in writing by the collective lien holders. Adequate protections required by and set forth in the Budget shall be made on or before October 24 ~~September 26~~, 2025.

B. Attached hereto as Exhibit A is a monthly budget ("Budget") for the period commencing on October 1 ~~September 4~~, 2025 and ending at the close of business on October 31 ~~September 30~~, 2025 (the "Budget Period"). The Budget reflects on a line-item basis Debtor's anticipated cumulative expenses which Debtor expects to incur during each week of the Budget Period.

C. Debtor may not make any payments or other distributions other than the itemized projected disbursements set forth in the Budget without the prior written consent of the Lenders. The Budget may not be modified without the prior written consent of the Lenders or further order of this Court.

D. In return for the Debtor's continued interim use of cash collateral, and for any diminution in value of lien holders interest in the Cash Collateral from and after the Petition date, the Lenders and all additional lien holders shall receive an administrative expense claim pursuant to Section 507(b) of the Code, subordinate to any administrative fees of the Subchapter V trustee.

E. In further return for the Debtor's continued interim use of cash collateral, Lenders and all additional lien holders are granted a replacement lien in substantially all of the Debtor's assets, including cash collateral equivalents and the Debtor's cash and accounts receivable and post-petition assets, among other collateral (the "Collateral") to the extent and validity as held prepetition.

F. The Debtor must permit the Lenders and additional lien holders to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records.

G. The Debtor must maintain and pay premiums for insurance to cover the Collateral from fire, theft and water damage, and the Lenders and additional lien holders consent to the payment of such premiums from its cash collateral.

H. The Debtor must, upon reasonable request, make available to the Lenders and additional lien holders evidence of that which constitutes its collateral or proceeds.

I. The Debtor must properly maintain the Collateral in good repair and properly manage the Collateral.

    J. Lenders are granted replacement liens, attaching to the Collateral, but only to the extent of their prepetition liens and only to the extent of priority that existed on the date of filing. This order is without prejudice to any future avoidance of the any of the liens.

    K. The liens granted herein above shall be valid, perfected, and enforceable without any further action by the Debtor and/or the Lenders and need not be separately documented.

    L. Any further use of cash collateral is reserved for further hearing. A budget for the approved amounts is attached hereto.

    M. This Order shall remain in effect until <u>October 31</u> ~~September 30~~, 2025 at which time a further hearing on the use of cash collateral will take place on <u>October 28</u> ~~September 30~~, 2025 at 9:30 a.m.

    N. This Court finds and orders that this is a core proceeding under 28 U.S.C. § 157(b)(2)(D), and this Order shall be an Interim Order fully effective upon its entry this Court.

    Enter:


Timothy A. Barnes
United States Bankruptcy Judge

Dated:

**Prepared by:**
Arthur Corbin
CORBIN LAW FIRM, LLC
636 S. River Road, Suite 201
Des Plaines, IL 60016
773-570-0054
arthur@corbin-law.com