# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Markus Corp.,<br><br>Debtor. | Case No.: 25-03310<br><br>Chapter 11<br><br>Hon. Timothy A. Barnes |

## DECLARATION IN SUPPORT OF CONFIRMATION

I, Marek Kusmierczyk, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746(2), as follows:

1. I am the sole shareholder and President of Markus Corp., Debtor and Debtor-in-Possession in the instant case and I am in charge of the day-to-day operations.

2. I have read the Debtor's Amended Subchapter V Plan of Reorganization dated October 28, 2025 (Docket No. 68) (the "Plan") proposed by the Debtor-in-Possession in this case and am familiar with the terms and provisions of the Plan.

3. With respect to the Plan:

    a. The Plan complies with the applicable provisions of Title 11, United States Code, Chapter 11;

    b. The Debtor has complied with the applicable provisions of Title 11 in proposing its Plan; and

    c. The Plan has been proposed in good faith and not by any means forbidden by law.

4. All payments made by the Plan proponent, Debtor-in-Possession, for professional services, and/or the reimbursement of costs or expenses, in conjunction with the case, have been approved or are subject to the approval of the Bankruptcy Court as reasonable. No securities have been issued in connection with the case and the Debtor has not acquired any property since the filing of the case.

5. As set forth in the Plan, the Debtor will be the Plan Disbursing Agent and I, Marek Kusmierczyk, will act to disburse all payments to holders of allowed claims required by the Confirmation Order and the Plan.

6. Under the Plan, the allowed non-priority unsecured claims, including the unsecured claims of the U.S. Small Business Administration ("SBA"), Village Bank & Trust, N.A. ("Village Bank"), TimePayment Corp. ("TimePayment"), and the Department of Treasury – Internal Revenue Service ("IRS"), will be paid a 3% dividend, pro rata, in quarterly payments over a 3-year period. This dividend reflects all the Debtor's available projected disposable income over the three-year period.

7. Impaired claims will receive more under the confirmed Plan than under a Chapter 7 liquidation. Under a liquidation, the distribution to creditors with allowed non-priority unsecured claims would be zero, whereas the Plan contemplates payment of a 3% dividend to Class 3 creditors with allowed non-priority unsecured claims.

8. Regarding Class 1(b) priority claims, the IRS, the sole claimant, will be paid the priority portion of its claim in the amount of $391.04, in full, on or before the Effective Date of the Plan.

9. Regarding Class 2(a) secured claims, the SBA, the sole claimant, will be paid the secured portion of its claim in the amount of $100.00, in full, on or before the Effective Date of the Plan.

10. Regarding Class 2(b) secured claims, Village Bank's secured claim will be restructured, and Village Bank will be paid $40,000.00, less the sum of adequate protection payments made as of the Effective Date of the Plan, on the secured portion of its claim, in accordance with the terms of the Plan.

11. Regarding to Class 2(c) secured claims, TimePayment's secured claim will be restructured, and TimePayment will be paid $30,000.00, less the sum of adequate protection payments made as of the Effective Date of the Plan, on the secured portion of its claim, in accordance with the terms of the Plan.

12. Markus Corp. is not subject to any governmental regulatory commission.

13. With respect to the ballots cast by creditors, the following ballots have been cast:

    a. Class 1(b) priority claimant, the IRS, did not vote to accept or reject the Plan;

    b. Class 2(a) secured claimant, the SBA, did not vote to accept or reject the Plan;

    c. Class 2(b) secured claimant, Village Bank, cast a ballot to accept the Plan;

    d. Class 2(c) secured claimant, TimePayment, did not vote to accept or reject the Plan; and

    e. Class 3 non-priority unsecured claimants did not vote to accept or reject the Plan.

14. The distribution scheme of the Plan complies with the priorities of 11 U.S.C. § 507. The Debtor is unaware of any outstanding administrative claims beyond the Debtor's professional fees and the fee of the Subchapter V Trustee.

15. Confirmation of the Plan is not likely to be followed by a liquidation or further reorganization.

16. During this Chapter 11 case, the Debtor has been able to meet and remain current on all post-petition obligations.

17. During this Chapter 11, the Debtor has continued operations in the ordinary course of business.

18. On or before the Effective Date of the Plan, the Debtor will have sufficient funds to make the payments required under the Plan on the Effective Date.

19. The Plan provides for appropriate remedies in the event the Debtor fails to make the required payments under the Plan.

20. The foregoing statement of facts is based upon my personal knowledge and, if called upon to be a witness in this matter, it would be my testimony.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746(2), that the foregoing is true and correct.

Executed on: January 11, 2026

_____
Marek Kusmierczyk, President
Markus Corp.